## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RUDY RIVERA CAPISTRANO, | Case No. DM0199-14 |
| Plaintiff, | |
| v. | DECISION AND ORDER |
| LEONOR ARELA CAPISTRANO, | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 11, 2019 amd October 14, 2019 for hearing on Plaintiff Rudy Rivera Capistrano's ("Rudy") Counter Motion for Termination of Spousal Support ("Counter Motion"). Defendant Leonor Arela Capistrano ("Leonor") appeared with Attorney Daniel S. Somerfleck. Rudy appeared with Attorney Nicole G. Cruz. After considering the arguments and the testimony of the parties and the applicable law, the Court now issues this Decision and Order and **DENIES** Rudy's Counter Motion.

### BACKGROUND

The action initially arose from a divorce complaint filed by Rudy on April 7, 2014. Verified Complaint for Divorce (Apr. 7, 2019). On June 22, 2016, the Court issued its Findings of Facts and Conclusions of Law and entered both an Interlocutory and Final Decree of Divorce. Findings of Fact & Conclusions of Law ("FFCL"); Interlocutory Decree of Divorce

("Interlocutory Decree"); Final Decree of Divorce ("Final Decree"). Both the Interlocutory Decree and the Final Decree memorialized the terms of the FFCL, granting divorce on grounds of adultery and ordering Rudy to ". . . pay $600.00 per month to Defendant as spousal support . . ." Interlocutory Decree at 2; Final Decree at 2.

On March 21, 2019, Leonor filed a Motion for Contempt, seeking to compel Rudy to pay past owed spousal support.[1] Rudy filed an opposition to the Motion for Contempt which contained a counter-motion to terminate spousal support. *See* Counter Motion (Apr. 18, 2019). Rudy asks the Court to terminate his spousal support obligation on the basis that there has been a change in circumstances, making spousal support no longer necessary. Counter Motion at 6. Leonor filed an opposition to Rudy's Counter Motion, arguing that while her income has increased, one of her primary employers is expected to close down soon, making continued spousal support necessary. Opposition to Plaintiff's Counter Motion to Reduce ("Opposition") at 2 (Sept. 27, 2019). Rudy filed a reply, arguing the California statutory factors support a finding that spousal support is no longer necessary. Plaintiff's Reply to Defendant's Opposition to Plaintiff's Counter Motion to Terminate Spousal Support ("Reply") at 3 (Oct. 4, 2019); *see* Cal. Fam. Code § 4320. The Court held a hearing on the matter on October 11, 2019. The Court heard further testimony and arguments of counsel on October 14, 2019. After hearing arguments, the Court took the matter under advisement. Minute Entry (Oct. 14, 2019).

## DISCUSSION

Courts may, in their discretion, vary, alter, or revoke an order for permanent support as they may deem necessary. 19 GCA § 8402(b). The Court provided that "In the event of a change of circumstances, the Parties may come before the Court to modify the Court's [spousal support] order." FFCL at 6. A trial court, in considering whether to modify a spousal support

---

[1] The Court addressed this issue in its September 30, 2019 Decision and Order.

order, considers the same statutory criteria as it considered in making the initial order. *In re Marriage of Khera & Sameer*, 206 Cal. App. 4th 1467, 1475 (2012).

California has numerous statutory factors which constrain a court's award of permanent support. *See In re Marriage of Murray*, 124 Cal. Rptr. 2d 342, 351 (Ct. App. 2002). These include "[t]he extent to which the earning capacity is sufficient to maintain the standard of living established during the marriage," the "ability of the supporting party to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living," the "duration of the marriage," the "age and health of the parties," and "[a]ny other factors the court determines are just and equitable." Cal. Fam. Code § 4320. *See also Gray v. Gray*, 103 So. 3d 962, 966 (Fla. Dist. Ct. App. 2012) ("Permanent periodic alimony is used to provide the needs and necessities of life to a former spouse as established during the parties' marriage; in determining whether to award permanent periodic alimony, the trial court is to weight the parties' respective needs and ability to make alimony payments.").

**A.      There has not been a sufficient change of circumstances justifying termination of spousal support.**

Rudy argues that because Leonor recently received $19,800.00 in past owed spousal support and expects to receive another $27,000.00 from Rudy's retirement account, Leonor will no longer have a need for spousal support since she will have so much cash readily available. However, circumstances accounted for in the previous order cannot constitute a change of circumstances. *Khera & Sameer*, 206 Cal. App. 4th at 1476. Leonor was already owed the spousal support she received as a back payment, and the property division in the FFCL accounted for Leonor receiving a portion of Rudy's retirement account. FFCL at 4 & 5. The

facts do not support a finding of a change of circumstances. Further, as explained below, the California statutory factors do not support a finding of a change in circumstances.

## 1. Earning Capacity

In 2017, Rudy earned a gross income of $117,643.29. Reply, Ex. A at 5. In 2018, Rudy's salary increased by $6,604.89, earning a total gross income of $124,248.18. *Id.* at 6. In 2018, Leonor's salary earning a total gross income of $27,940. Opposition, Attach. A at 2. This is an increase of around $8,180.00 since the Final Decree of Divorce in 2016. Reply at 2; FFCL at 3.

Both parties have increased their respective incomes. While both incomes have increased at somewhat similar rates, Rudy's earning capacity is significantly higher than Leonor's, making almost $100,000.00 more per year than Leonor. As both parties' respective salaries have increased in similar ways, the Court does not find this factor supports a finding of a change in circumstances sufficient to terminate spousal support.

## 2. Ability to Pay

Rudy alleges that while his net income is around $5,000.00 per month, his monthly expenses are around $7,000.00 per month. Counter Motion at 6. In support of this notion, Rudy submitted a declaration, outlining his monthly expenses and debts. *See* Plaintiff's Declaration in Support of Plaintiff's Opposition and Countermotion ("Rudy Decl.") at 3 (Apr. 18, 2019). Generally, Rudy's testimony regarding his expenses matched the list provided.[2]

---

[2] Leonor appears to argue in closing that because the figures provided in Rudy's declaration did not perfectly match the figures provided in the list that Rudy has perjured himself or simply made up the numbers provided. Leonor argues that the hearing "reveals" that the figures provided in the list are only estimates. However, Rudy made clear in his declaration that the figures provided were estimates in writing "Total (estimated): $7,090.00." Rudy Decl. at 3. Further, the Court notes that Rudy submitted the declaration in April 2019, six months prior to the hearings on this matter. It is not surprising that figures for bills for utilities may change in six months, given their variable nature.

During the hearings on this matter, however, Rudy provided further clarifying information about his expenses and debts. For example, Rudy, since the submission of the declaration in April, has since paid off the "Care Credit (Veterinary)" credit card. Court Recording at 3:25:19 (Oct. 11, 2019) ("CR1"). Rudy further indicated that he has moved residences since the submission, with his rent going from $1,200.00 per month to $1,100 per month. CR1 at 4:08:37.

However, the Court is not convinced that some of Rudy's newly added expenses, incurred after the dissolution of marriage, are sufficient to justify a change in circumstances. For example, while the Court is sympathetic to Rudy's need for a special diet due to medical issues, causing his monthly grocery bill to rise (CR1 at 4:02:10), the Court is not sympathetic to Rudy's expense of spending $200 to $300 per month on snacks for his daughter-in-law. CR1 at 4:02:24. The Court does not see how the added expense of $100.00 for "Salon/Spa" for Rudy's wife and daughter-in-law, nor the expense of $1,000.00 per month for "Dining/Entertainment" (on top of his grocery bill), sufficiently justifies a change in circumstances. Rudy Decl. at 3. While Rudy's expenses to support his daughter and mother in the Philippines may be reasonable, the Court does not find that Rudy is under any obligation to pay to send his wife's brother to S.W.A.T. school in the Philippines. CR1 at 4:07:03. These added expenses alone constitute more than twice the amount of the spousal support in question.

Rudy further argues that he is in debt due to taking a 401k loan to pay past due spousal support. Rudy Decl. at 3. Rudy confirmed at the hearing that the purpose of taking out such a loan was to pay the past due spousal support. CR1 at 4:13:20. As explained in Part A, the FFCL already contemplated Rudy paying Leonor said spousal support. The fact that he did not pay

and later had to take a large sum out to pay it cannot be said to be a debt that supports a finding of a change of circumstances.

Rudy's <u>voluntarily</u> increased spending habits cannot be said to justify a finding for a change in circumstances sufficient to terminate spousal support. The Court is not convinced, given these expenses proposed, that Rudy does not have the ability to pay spousal support.

### 3.    Duration of the Marriage

The parties were married for five years. CR1 at 4:19:46. In determining whether to modify spousal support, courts should consider "The goal that the supported party shall be self-supporting within a reasonable period of time." Cal. Fam. Code § 4320(l). "[A] 'reasonable period of time' for the purposes of this section generally shall be one-half the length of the marriage." *Id.* "However, nothing in this section is intended to limit the court's discretion to order support for a greater or lesser length of time, based on any other factors listed in this section . . . and the circumstances of the parties." *Id.*

Based on the statutory suggestions, permanent spousal support should be limited to two and a half years. However, the Court finds the other statutory factors and the circumstances of the parties, as explained throughout this Decision and Order, provide a sufficient basis to maintain the current spousal support obligation.

### 4.    Age and Health of the Parties

Rudy is currently fifty-three years old. CR1 at 4:16:55. Rudy currently suffers from a heart condition which he described as "SVT."[3] Rudy's condition requires him to exercise and adhere to a special diet. CR1 at 4:17:30. Rudy additionally attends Cognitive Behavioral Therapy. CR1 at 4:17:48.

---

[3] The parties did not clarify what this acronym stood for.

Leonor is currently forty-six years old. Reply at 3. Leonor explained that she currently suffers from menstrual issues, causing her difficulty at work. Court Recording at 10:54:47 (Oct. 14, 2019) ("CR2"). Leonor testified that she intends to undergo surgery to address her current medical issue. CR2 at 10:55:17.

Both parties have their respective medical issues which they are trying to address. Further, the Court does not find the age of the parties, being relatively close at fifty-three and forty-six, to be a controlling factor in determining whether to terminate Rudy's spousal support obligation.

### 5.    Other Equitable Factors

Rudy provides financial support to his daughter and mother who live in the Philippines. Similarly, Leonor also provides financial support to her mother who lives in the Philippines. CR2 at 10:52:00.

The Court finds significant the fact that Leonor has to work four jobs to maintain her current lifestyle and expenses. Contrary to Rudy's assertion, the Court is not convinced that Leonor, working four jobs, is "able to support herself and live comfortably." Counter Motion at 6. The Court understands that the goal of spousal support is to help the dependent spouse to become self-supporting, but the Court is not convinced that, under the current circumstances, this has occurred. *See* Cal. Fam. Code § 4320(l).

All factors considered, the Court does not find that there is a change in circumstances sufficient to support termination of Rudy's spousal support obligation.

\

\

\

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Rudy's Counter Motion. The Court does not find there is a sufficient change in circumstances which would justify termination of Rudy's spousal support obligation.

**IT IS SO ORDERED** on this 25th day of November, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Arnold
Greazeck

Date: 11/26/19  Time: 9 am

Deputy Clerk, Superior Court of Guam